IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| STACY LEA BROCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-CV-5091-WJE |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Stacy Brock seeks judicial review[1] of a final administrative decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.,* and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Ms. Brock contends the administrative record (AR) does not contain substantial evidence to support the Commissioner's decision that she was not disabled during the relevant period. For the reasons that follow, the Commissioner's decision will be reversed and remanded for further consideration and development of the record.

**I.     Background**

Ms. Brock applied for DIB and SSI on June 8, 2015. (AR 15). Her claim was initially denied, and she subsequently filed a request for a hearing before an Administrative Law Judge (ALJ). (AR 15). On September 26, 2017, the ALJ held a hearing on this matter. *Id.* Ms. Brock testified at the hearing and discussed issues relating to her alleged disability, including complications she suffers as a result of fibromyalgia and narcolepsy. (AR 47). The ALJ heard this testimony and also reviewed Ms. Brock's objective medical records. (AR 15-27).

The ALJ ultimately decided Ms. Brock was not disabled. (AR 27). The ALJ found Ms. Brock had severe impairments of obesity, degenerative disc disease (DDD) in the cervical and lumber spine, carpal tunnel syndrome, fibromyalgia, and migraines. (AR 18). However, the ALJ

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

noted that Ms. Brock's subjective complaints regarding the intensity, persistence, and limiting effects of her alleged limitations were not entirely consistent with all the evidence in the record. (AR 22-24). Furthermore, the ALJ found Dr. Pak's opinion that Ms. Brock could not perform sedentary work to be inconsistent with the record. (AR 24). As a result, the ALJ concluded that she retained the ability to perform sedentary work with additional limitations. (AR 20-21). On August 20, 2018, the Appeals Council denied Ms. Brock's request for review. (AR 1-6). Thus, the ALJ's decision stands as the final decision of the Commissioner.

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001)*; Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). To meet the burden, the claimant must show a medically determinable impairment that has lasted or will likely last for a period of at least one year and has rendered claimant unable to engage in any "substantial gainful activity." 42 U.S.C. § 423(d)(1)(A); *Simmons*, 264 F.3d at 754; *see also McMillian v. Schweiker*, 697 F.2d 215, 220 (8th Cir. 1983). Based on these criteria, the Social Security Administration has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R §§ 404.1520 and 416.920; *see also Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

The Commissioner must evaluate:

(1) whether the claimant is presently engaged in a substantial gainful activity;
(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *Simmons*, 264 F.3d at 754–55.

At step one, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity" (SGA). 20 C.F.R §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R § 404.1572(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R § 404.1572(b). If the claimant is engaged in

SGA, then the claimant is not disabled. 20 C.F.R §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If the claimant is not engaging in SGA, the analysis proceeds to the second step.

Next, at step two, the Commissioner must determine whether the claimant has a severe medically determinable impairment that significantly limits the claimant's physical or mental ability to perform basic work activities. *Dixon*, 353 F.3d at 605. An impairment or combination of impairments is not severe when evidence—medical or otherwise—establishes one or more slight abnormalities that would have only a minimal effect on an individual's ability to work. 20 C.F.R §§ 404.1521 and 416.921; *Kirby*, 500 F.3d at 707. If the claimant does not have one or more severe, medically-determinable impairments, the claimant is not disabled under the SSA.

If the claimant is found to be severely impaired, the analysis proceeds to the third step where the Commissioner must determine whether the claimant's impairment(s) meet or medically equal the severity criteria listed in 20 C.F.R Part 404, Subpart P, Appendix 1. 20 C.F.R §§ 404.1520(d), 404.1525, 404.1526. If the impairment(s) meet the criteria and duration requirement, the claimant is disabled. Otherwise, the analysis proceeds to the next step.

At step four, the Commissioner examines evidence provided by the claimant to assess the claimant's residual functioning capacity (RFC). 20 C.F.R §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC refers to a claimant's ability to perform physical and mental work activities on a sustained basis despite limitations from impairments. *Id.* At this stage of the analysis, the Commissioner is responsible for developing the claimant's complete medical history, arranging for consultative examinations, and assisting claimant with gathering other medical evidence. 20 C.F.R §§ 404.1545(a)(3) and 416.945(a)(3). If a claimant retains the RFC for work performed in the fifteen years prior to the onset of the alleged disability ("past relevant work"), then the claimant is not disabled. If the claimant is or does not have any past relevant work, the analysis proceeds to final step, and the burden shifts, thereafter requiring the Commissioner to disprove disability.

At step five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant is able to do any other work. Though the claimant continues to bear the burden of proving disability, once he or she adequately shows an inability to do past work, the Commissioner has the burden of proving the claimant retains the RFC to do *other* types of work. *Frederick v. Berryhill*, 247 F. Supp. 3d 1014, 1020 (E.D. Mo. Mar. 27, 2017). The Commissioner is then responsible for providing evidence that other work the claimant can

perform exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1512(g), 404.1560(c), 416.912(g) and 416.960(c). If the claimant is able to do other work, the claimant is not disabled. If the claimant is not able to do other work and meets the duration requirement, the claimant is disabled.

### III. ALJ Findings

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2020. (Ex. 3D).
2. The Claimant has not engaged in substantial gainful activity since June 1, 2015, the alleged onset date. 20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*
3. The claimant has the following severe impairments: obesity; DDD cervical spine, with history of C4-6 anterior cervical discectomy and fusion; DDD lumber spine, with history of L3-5 laminectomy, foraminotomy, and decompression; carpal tunnel syndrome, right; fibromyalgia; and migraines. 20 C.F.R. §§ 404.1520(c) and 416.920(c).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926.
5. The claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with additional limitations. Specifically, the claimant can frequently climb stairs and ramps. She can frequently balance, stoop, and kneel. She can never crouch; crawl; or climb ladders, ropes or scaffolds. She must avoid hazards such as unprotected heights and unprotected moving mechanical parts. She can reach overhead occasionally bilaterally, but frequently in all other directions. She can frequently grasp and handle with the right (dominant) hand, but no limitation in the left hand. She must avoid concentrated exposure to extreme heat and cold, and to humidity and vibrations. She can understand, remember, and carry out simple instructions.
6. The claimant is unable to perform any past relevant work. 20 C.F.R. §§ 404.1565 and 416.965.
7. The claimant was born on September 5, 1970 and was 44 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49. 20 C.F.R. 404.1563 and 416.963.

8. The claimant has at least a high school education and is able to communicate in English. 20 C.F.R. §§ 404.1564 and 416.964.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2015, through the date of this decision. 20 C.F.R. §§ 404.1520(g) and 416.920(g).

## IV. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006). "Substantial evidence" is less than "a preponderance of the evidence," merely requiring that a reasonable person would find the evidence adequate to support the Commissioner's decision. *Id.*; *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

All evidence, whether it supports or contradicts the Commissioner's decision, should be examined to determine whether the existing evidence is substantial. *Baker*, 457 F.3d at 892. When reviewing the record to determine if there is substantial evidence to support the administrative decision, the Court considers the educational background, work history, and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of a VE when based upon proper hypothetical questions that fairly set forth the claimant's impairments. *McMillian*, 697 F.2d at 221. "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently." *Schouten v. Berryhill*, 685 F. App'x 500, 501 (8th Cir. 2017); *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *Baker*, 457 F.3d at 892; *Wheeler v. Apfel*, 224 F.3d 891, 893-94 (8th Cir. 2000); *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1996).

## V. Discussion

Ms. Brock asserts reversal is proper in this instance because the ALJ's RFC determination was not supported by substantial evidence. Specifically, Ms. Brock contends that the ALJ erred in giving little weight to Dr. Pak's opinion and failed to provide evidence addressing Ms. Brock's specific work-related impairments. For the reasons that follow, the decision of the ALJ must be reversed and remanded.

### a. Substantial evidence does not support giving little weight to Dr. Pak's opinion.

Opinions by treating physicians receive controlling weight unless they are inconsistent with substantial evidence in the record or they are not well-supported by medical evidence. *Walker v. Comm'n, Social Security Admin.*, 911 F.3d 550, 553 (8th Cir. 2018) (internal citation omitted); *see also* 20 C.F.R. § 404.1527(c)(2). If a treating physician's opinion does not receive controlling weight, then the treating physician's opinion typically still receives substantial weight. *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015). When not given controlling weight, the weight an ALJ should give to medical opinions depends on a number of factors, including: (1) whether the medical source has examined the claimant; (2) the length, nature, extent, and frequency of the treatment relationship, (3) the extent to which the relevant evidence is consistent with other medical evidence, (4) the extent to which the opinion is consistent with the whole record; (5) whether the opinion is related to the medical source's specialty area; and (6) other factors tending to support or contradict the opinion. *Owen v. Astrue*, 551 F.3d 792, 800 (8th Cir. 2008) (citation omitted); *see* 20 C.F.R. § 404.1527(c), 416.927(c).

Here, the ALJ failed to support giving little weight to the opinion of Ms. Brock's treating physician, Dr. Pak. Dr. Pak noted that based on Ms. Brock's pain and fatigue resulting from her fibromyalgia, she could not perform sedentary work. (AR 693-95). Dr. Pak stated that Ms. Brock could rarely life ten pounds and never twist, balance, or crawl. (AR 694). Further, he found that she could not sit or stand for more than fifteen minutes at a time, she would need to take at least three breaks during an eight-hour workday, and she could only sit for four hours during an eight-hour workday. (AR 694). Dr. Pak said that Ms. Brock's pain would interfere with her attention and concentration to perform even simple tasks for twenty-five percent of an eight-hour workday, and she would be absent more than four days per month due to her symptoms. (AR 695). The ALJ, however, found Dr. Pak's opinion to be inconsistent with Ms. Brock's daily activities and other available medical evidence. (AR 24).

The ALJ initially discounted Dr. Pak's opinion because his fibromyalgia diagnosis was not consistent with Ms. Brock's medical examinations which found no muscle atrophy. (AR 24). It is important to note, however, that while no muscle atrophy existed, Ms. Brock consistently reported suffering muscle spasms. (AR 55, 364, 649). Furthermore, no other medical evidence rebutted Dr. Pak's opinion as to the presence or extent of her fibromyalgia. Indeed, the ALJ accepted Ms. Brock's fibromyalgia diagnoses. (AR 23). Moreover, the Eighth Circuit maintains that fibromyalgia can be disabling. *Forehand v. Barnhart*, 364 F.3d 984, 987 (8th Cir. 2004). Fibromyalgia may result in muscle atrophy due to inactivity, but fibromyalgia patients may also exhibit normal muscle strength. *See Rogers v. Comm'n, Social Security Admin.*, 486 F.3d 234, 244 (6th Cir. 2007). Thus, substantial evidence did not support the ALJ's finding that Dr. Pak's opinion was inconsistent with other medical evidence in the record.

The ALJ observed that Ms. Brock lives independently and performs many household chores, such as cleaning, doing the laundry, preparing meals, driving, and shopping. (AR 24, 247-249). These activities, according to the ALJ, are inconsistent with a disability finding. However, Ms. Brock's independent living does not necessarily contradict Dr. Pak's opinion when considering Ms. Brock's description of her daily activities. None of the chores take Ms. Brock more than an hour to complete per day, and she receives help in completing them. (AR 247-49). Additionally, Ms. Brock testified to taking breaks after thirty minutes when doing her chores. (AR 55). The meals Ms. Brock cooks are microwavable meals or meals that are simple to make. (AR 247). Indeed, Ms. Brock acknowledged limitations in her ability to cook since the onset of her disability. *Id.* Further, the Eighth Circuit has repeatedly found that "in the context of a fibromyalgia case, [] the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity." *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003). Considering the limitations Ms. Brock expressed in her daily activities and the circumstances of her fibromyalgia diagnosis, Ms. Brock's capability of independent living and doing chores is not inconsistent with Dr. Pak's opinion.

Additionally, to support giving little weight to Dr. Pak's opinion, the ALJ noted that Ms. Brock works one day a week cleaning a law office. (AR 24). However, this also does not contradict Dr. Pak. Ms. Brock only works three and a half hours—although she is paid for five—cleaning the office, and her mother helps her by doing all of the vacuuming and mopping. (AR 45, 253). Furthermore, Ms. Brock's Work History Report indicates that her cleaning job is consistent with

Dr. Pak's limitations, including to never twist, balance, or crawl, to rarely stoop or crouch, and to rarely lift ten pounds. (AR 241, 692-95). Due to the limited scope of her tasks, Ms. Brock's work cleaning a law office once a week is not inconsistent with Dr. Pak's opinion.

Finally, the ALJ did not address any of the other listed factors to determine the weight of a medical opinion. Therefore, the ALJ erred in failing to support the little weight assigned to Dr. Pak's opinion. Reversal is necessary to reevaluate Dr. Pak's opinion. In doing so, the ALJ shall consider whether Dr. Pak's opinion should receive controlling weight. If Dr. Pak's opinion should not receive controlling weight, then the ALJ should reconsider the weight given to Dr. Pak's opinion, addressing all the factors noted above.

  *b. The Court declines to examine other arguments stemming from the RFC.*

Ms. Brock also argues the ALJ failed to provide evidence addressing Ms. Brock's specific work-related impairments. However, the Court has remanded this case for further development and consideration related to the RFC formulation. The Court therefore refrains from deciding whether the ALJ provided sufficient evidence to address Ms. Brock's specific work-related impairments in formulating the RFC. *See Wilson*, 2013 WL 1628410 at *3 (declining to consider whether the ALJ properly formulated the RFC due to the case's remand).

### IV.  Conclusion

For the reasons set forth herein, the Court finds the Commissioner's determination that Ms. Brock was not disabled is not supported by substantial evidence on the record as a whole, and is therefore reversed and remanded for further consideration and development of the record. Judgment shall be entered in favor of Plaintiff and against Defendant.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and remanded for further consideration and development of the record, as set forth herein.

Dated this 31st day of July, 2019, at Jefferson City, Missouri.

*[Signature]*

Willie J. Epps, Jr.
United States Magistrate Judge